**JS-6**
Stayed

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Laura Carlton, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Universal Protection Service, LP d/b/a/ Allied Universal Security Services,<br><br>Defendant. | **Case No.: 8:24-cv-00751-JGB(SPx)**<br><br>**ORDER GRANTING JOINT STIPULATION AND REQUEST TO AMEND COMPLAINT, SEND NOTICE, & FOR CONDITIONAL CERTIFICATION, AND TO STAY ACTION PENDING MEDIATION**<br>**[ECF No. 107]** |

On January 22, 2025, the Parties filed their Joint Stipulation and Request to Amend Complaint, Send Notice, & For Conditional Certification, and to Stay Action Pending Mediation. ECF No. 107. The Parties stipulate to, among other things, conditionally certifying this case as a collective action under the Fair Labor Standards Act and request that the Court approve their drafted Notice of Collective Action Lawsuit and Consent to Join forms, attached as an exhibit to their Joint Stipulation. (ECF No. 107 & 107-1). The Parties represent to the Court that their Stipulation is a means of facilitating potential settlement and further request that the Court stay these

proceedings, other than to allow the filing of a Second Amended Complaint, until September 26, 2025, to allow the completion of a notice period for any potential opt-ins and for the Parties to exchange informal data and participate in private mediation once the notice period is over.

The Court, having considered the Joint Stipulation and related exhibits, and finding good cause therefor, hereby GRANTS the Stipulation and ORDERS as follows:

1. In light of the Parties' Joint Stipulation, the Court conditionally certifies the following collective: **all current and former non-exempt security guards employed by Universal Protection Service, LP and/or Universal Protection Service, LLC d/b/a Allied Universal Security Services within three years preceding this Order and who do not have an arbitration agreement with Allied Universal.**

2. The Court APPROVES notice to the proposed opt-in plaintiffs as agreed to by the Parties and authorizes the notice and consent forms attached to the Parties' Joint Stipulation. (ECF No. 107 & 107-1).

3. The Court further ORDERS the following scheduling requirements for the notice and consent process at the request of the Parties:

   a. Defendant is ordered to produce to an agreed third-party class action administrator an Excel spreadsheet listing the names, last known email addresses and mailing addresses, last known phone numbers,

and date of birth for all conditionally certified collective members within forty-five (45) days following this Order.

b. The third-party class action administrator is ordered to send notice and consent forms, including a digital copy, via first-class mail and electronic mail to the conditionally certified collective members, save and except to those who have already filed consents to join the action, within twenty-one (21) days of receiving the Excel spreadsheet from Defendant.

c. The conditionally certified collective members shall have fifty (50) days from the date of mailing and emailing the notices to return their consent form indicating they wish to join the action.

d. If a mailing is returned undeliverable, the third-party class action administrator shall perform a skip trace and send a new mailing to any address located and that putative collective member shall have an additional fourteen (14) days from the date of mailing to return a consent form.

e. Within five (5) days of the last date to return a consent form, the third-party class action administrator shall provide a list of employees who returned consent forms to counsel for Plaintiffs and Defendant.

4. The Court further STAYS these proceedings, other than to allow the

filing of a Second Amended Complaint, until September 26, 2025, to allow the Parties the opportunity to complete the notice period, exchange informal data, and participate in mediation. The Parties must file a scheduling proposal by September 26, 2025.

5. The Court further ORDERS the following scheduling requirements related to mediation at the request of the Parties:

    a. Within seven (7) days of identifying the number of opt-ins, Plaintiffs and Defendant will agree to a sample size for production of data for mediation.

    b. Within forty-five (45) days after agreeing to a sample size for production of data, Defendant will produce to Plaintiffs, for purposes of mediation only, timekeeping and pay data during the collective period for the sample along with dates of employment for all of the opt-ins.

    c. By September 26, 2025, the Parties will participate in a mediation with an agreed upon mediator.

    d. The Parties agree that they will work cooperatively if there are difficulties in meeting these deadlines.

IT IS SO ORDERED.

Dated: February 5, 2025

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE